FLORENCE MORRIS, as Administratrix, etc., of WILLIAM H. MORRIS, Deceased, Respondent, v. THOMAS MORRIS, Appellant, Impleaded with LIZZIE MORRIS and Others, Defendants.

*(Supreme Court, App. Div., Second Department, April 7, 1916.)*

DECEDENT'S ESTATE—SUIT TO FORECLOSE MORTGAGE OWNED BY DECEDENT—SUBSEQUENT APPOINTMENT OF MORTGAGOR AS EXECUTOR—EXECUTOR CANNOT BE COMPELLED TO BRING ACTION AGAINST HIMSELF—ERRONEOUS SUBSTITUTION OF PARTIES—REMEDY OF LEGATEE WHEN REPRESENTATIVE FAILS TO COLLECT ASSETS—JUDICIAL ACCOUNTING.

Where a widow has been appointed administratrix of her husband's estate and has brought a suit to foreclose a mortgage given to her intestate, and owing to the existence of a will which was subsequently admitted to probate the mortgagor has been appointed executor of the estate, the widow is not entitled to an order substituting the executor in her place as plaintiff in the foreclosure action and permitting her to intervene as an interested person. This, because such order would compel the defendant executor in his representative capacity to prosecute an action against himself individually.

Such order is not authorized by section 723 of the Code of Civil Procedure providing for the amendment of process and pleading by adding or striking out the name of a party.

A legatee or next of kin entitled to a distributive share is not entitled to be made a party to a suit or proceeding brought by the representative of the estate to recover assets of the decedent, nor can she compel a representative to bring an action against his wishes or judgment.

*It seems,* that if the executor fails in his duty to collect assets he may be charged on the judicial settlement of his accounts in the Surrogate's Court wherein a person interested in the estate may have questions of fact determined by a jury.

APPEAL by the defendant, Thomas Morris, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of December, 1915.

Michael J. Tierney (John F. Lambden with him on the brief), for the appellant.

M. Michael Edelstein (Fred L. Merritt with him on the brief), for the respondent.

RICH, J. — The defendant Thomas Morris appeals from an order of the Special Term, granting the plaintiff's motion for leave to amend her summons and complaint by making him, as executor, etc., of William H. Morris, deceased, the party plaintiff, and permitting the present plaintiff, Florence Morris, to intervene as a person interested in the action, and to serve such amended summons and complaint upon all of the defendants, including the appellant as such executor.

The plaintiff is the widow and the defendant, appellant, a brother of William H. Morris, formerly a resident of the city of Los Angeles, Cal., who died in that city on December 23, 1911. On February 21, 1913, the plaintiff, as such widow, applied to the surrogate of the county of Westchester, N. Y., for letters of administration upon the estate of her deceased husband, which were granted to her. Among the apparent assets of the deceased, she claims to have found a bond and mortgage executed by the appellant and his wife to the deceased in 1908, given to secure the payment of the sum of $6,000 with interest, and in August, 1914, she commenced this action to foreclose the same. The appellant, answering, alleged among other things:

" Fourth. That the bond and mortgage more particularly set forth in the complaint herein were made solely for the purpose, and with the express understanding and agreeement between the parties thereto, of giving and bequeathing the sum of six thousand ($6,000) dollars to William H. Morris, the brother of this defendant, in the event of the death of this defendant before him, and for no other purpose.

" Fifth. That on or about the third (3d) day of October, 1908, the said William H. Morris, pursuant to the understanding and agreement above set forth, duly executed, acknowledged and delivered to the defendant a satisfaction piece of the

said mortgage, to the end that the same might be effectually cancelled and discharged of record in the event that the said William H. Morris should predecease his brother, the defendant Thomas Morris, and that the said satisfaction piece has always been, and still is, in the possession of said defendant, the lawful owner and holder thereof.

"*Sixth.* That the said bond and mortgage set forth in the complaint have always been and now are in the possession of this defendant; that the same were not executed for any debt or liability of this defendant, nor for any advance or loan to him, nor for any benefit or advantage to him or to his estate whatever, and that the same were made without any other consideration than above specified, have no being or existence, and are no lien or charge upon the real estate or personal property of this defendant."

Prior to May 29, 1914, a will, purporting to have been executed by the said William H. Morris, was found, in which the defendant Thomas was named as executor. The will was admitted to probate, and letters testamentary were issued to the appellant, who duly qualified as executor. The plaintiff thereupon moved for leave to amend the summons and complaint to permit her to sue individually as an interested person and making the defendant Thomas Morris a defendant in his capacity as executor as well as individually, and for an adjournment of the trial of the action. The adjournment was granted " to enable the plaintiff to obtain an order permitting a discontinuance of this action, or to bring such other action as the plaintiff may be advised," and leave to amend the summons and complaint was denied. Subsequently an order was entered upon plaintiff's motion, substituting the appellant as executor in her place and stead as plaintiff, and permitting the plaintiff, as an interested person, to intervene. The plaintiff takes $500 under the will, and by the provisions of the statutes of California she is entitled to hold as her own one-half of the personal property owned by her husband at the time of his

death.    (See Civil Code of California, §§ 163, 164, 1402.)
The order cannot be sustained unless it is authorized by the
provisions of section 723 of the Code of Civil Procedure, which,
so far as material, provides: " The court may, upon the trial,
or at any other stage of the action, before or after judgment,
in furtherance of justice, and on such terms as it deems just,
amend any process, pleading, or other proceeding, by adding or
striking out the name of a person as a party, or by correcting
a mistake in the name of a party, or a mistake in any other
respect, or by inserting an allegation material to the case; or,
where the amendment does not change substantially the claim or
defence, by conforming the pleading or other proceedings to
the facts proved.   And, in every stage of the action, the court
must disregard an error or defect, in the pleadings or other
proceedings, which does not affect the substantial rights of the
adverse party."    No construction can be given to this section
which will authorize the substitution of a party defendant for
a sole party plaintiff against his wishes and under the circum-
stances disclosed by this record.    The plaintiff's right to main-
tain this action as the administratrix of the estate of her
deceased husband ended when his will was admitted to probate
and the executor therein named qualified.    The effect of the
order under review is to compel the defendant, in his repre-
sentative capacity, to prosecute this action against himself
individually, and involves the estate in a litigation without
giving him the right to exercise his judgment and wishes, as
executor, in the discharge of his duties.    This right and re-
sponsibility rest primarily upon him.    A legatee or next of
kin entitled to a distributive share of a decedent is not entitled
to be made a party to any suit or proceeding brought by the
representative of an estate to recover assets of a decedent, and
has no right under the laws of this State to compel an execu-
tor or administrator to bring an action against his wishes and
judgment.    If the executor fails in his duty, the estate will be
protected upon the proceeding for accounting in Surrogate's

Court.    The contention of the respondent that if the order be
reversed she will be deprived of her day in court as to a hear-
ing on the question as to whether there is $6,000 owing from
the defendant, appellant, to the estate of her deceased husband,
is without merit.    Under the provisions of section 2679 of the
Code of Civil Procedure (as amd. by Laws of 1914, ch. 443),
as I have indicated, this question can be tried and determined
in the Surrogate's Court on the judicial settlement of the
account of the executor, and upon such trial the respondent
may have the questions of fact involved determined by a jury
if she so desires.    (Code Civ. Pro., §§ 2538, 2539, as amd. by
Laws of 1914, ch. 443, and Lws of 1915, ch. 275.)

The order is reversed, with ten dollars costs and disburse-
ments, and the motion to amend the complaint is denied, with
ten dollars costs.

JENKS, P. J., THOMAS and MILLS, JJ., concurred; CARR, J.,
not voting.

Order reversed, with ten dollars costs and disbursements, and
motion to amend complaint denied, with ten dollars costs.